UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| MAUREEN CLARK, | : | |
| --- | --- | --- |
| | : | |
| v. | : | 3:10-cr-00235-WWE |
| | : | 3:16-cv-00585-WWE |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS ATTACKING HER SENTENCE**

After a four-week trial in the summer of 2012, a jury convicted Maureen Clark on one count of conspiracy to commit wire fraud, thirteen counts of wire fraud, and six counts of money laundering. The charges stemmed from a scheme by Clark and co-defendant Christopher Plummer to solicit investments under false pretenses for a Mississippi casino development. The Court sentenced Clark to eighty-seven months in prison and ordered her to pay $1.75 million in restitution. Clark appealed her conviction to the Second Circuit, making many of the same arguments she advances now. The Second Circuit rejected her appeal, with the exception of a remand for amendment of the restitution order to reflect amounts repaid to victims by third parties. A motion for rehearing *en banc* was denied, as was Clark's petition for *certiorari* to the United States Supreme Court.

Clark has filed a petition pursuant to 28 U.S.C. § 2255 along with various other motions that are different in style and label but similar in substance. She claims: (1) violation of due process; (2) jury instruction error; (3) improper exclusion of evidence; (4) improper sentencing procedure; (5) improper order of restitution; (6) insufficient evidence of conspiracy; and (7)

failure by counsel to notify her of a plea offer from the government.[1]  For the following reasons, Clark's motions will be denied.

## DISCUSSION

Familiarity with the facts of this case is presumed for the purposes of this decision.  Due to Clark's *pro se* status, the Court reviews her petition with a "lenient eye."  See Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983).  Nevertheless, liberally construed, Clark's complaints still lack merit.

### I. Violation of Due Process

#### a. Government Filibuster

Clark argues that she was denied an opportunity to present evidence of her innocence as a result of the government's "filibustering of the trial."  Clark contends that the government utilized trial days for its case in chief that had been set aside for rebuttal, preventing Clark from a full opportunity to present evidence of her innocence.

The government responds that Clark was able to introduce over 500 exhibits; and Clark herself testified over the course of three days.  Moreover, defense counsel voluntarily rested its case without pressure from the Court, so it is unclear why Clark has the impression that her defense was limited in time.  Finally, Clark does not adequately specify the evidence that was omitted or how it would have affected the jury's determination of guilt; she has not demonstrated prejudice.  Accordingly, the Court is not persuaded by Clark's filibuster argument.

#### b. Verbal Attacks and Vouching

Clark argues that due process was impeded due to the government's repeated verbal attacks against her and vouching for its own witnesses.  But these issues were raised on appeal to

---

[1] Clark's plea offer claim is contained within her improper sentencing claim but analyzed separately here.

the Second Circuit, and "a § 2255 motion may not relitigate issues that were raised and considered on direct appeal." U.S. v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). The Second Circuit rejected these arguments, and this Court will not overturn that decision.

**II. Jury Instruction Error**

Clark argues that the Court's wire fraud instruction to the jury rests on an unsupported theory of liability: that a scheme to defraud could be established by proof that investors were deprived of information necessary to make discretionary economic decisions. Again, this challenge was explicitly raised on appeal to the Second Circuit, which held that the issue is "well settled." See U.S. v. Clark, 593 Fed. Appx. 53, 54 (2d Cir. 2014).

> Therefore, the district court did not err in explaining that a scheme to defraud could be established by proof that investors were deprived of information necessary to make discretionary economic decisions.

Id. at 54. Accordingly, this theory of liability is a correct statement of the law in the Second Circuit. Moreover, Clark may not relitigate the issue after it was rejected on appeal. Perez 129 F.3d at 260.

**III. Improper Exclusion of Evidence**

Clark contends that, related to her filibuster argument, evidence of her innocence was improperly excluded. As discussed above, Clark voluntarily rested her rebuttal, so any failure by Clark to introduce evidence was, apparently, a strategic decision. With respect to exculpatory evidence withheld by the government, the Court cannot allow a defendant a second opportunity to defend the case against her based on mere generalized protestations that the initial outcome was flawed or unjust. Such a system would collapse under its own weight. See Kyles v. Whitley, 514 U.S. 419, 434 (1995) (holding that the question is whether the evidentiary suppression undermines confidence in the outcome of the trial). Here, Clark has not demonstrated evidence of prejudice sufficient to warrant relief. Clark solicited and accepted

3

$1.75 million in investments from more than a dozen victims under false pretenses, namely that the money would be used to develop a casino project in Mississippi. Clark has not proffered examples of evidence that cut against this ultimate finding. Accordingly, she in not entitled to relief based on any exclusions of evidence at trial.

### IV. Improper Sentencing Procedure

Clark argues that her sentencing was procedurally unreasonable in that the Court did not weigh the necessary § 3553 factors. Once again, this issue was raised on appeal to the Second Circuit, and "a § 2255 motion may not relitigate issues that were raised and considered on direct appeal." Perez, 129 F.3d at 260.

> The district court expressly considered § 3553, at one point even stating that § "3553 is the bible." (GA 224). Throughout the sentencing hearing, the district court referred to § 3553, and discussed several of the pertinent factors for consideration, including general deterrence, Clark's continued belief that she did nothing wrong, that Clark would benefit from vocational training provided while incarcerated to aid in her gainful employment upon release, and explained why Clark was receiving a longer sentence than Plummer, who pled guilty prior to trial. Moreover, the district court explained that it was adhering to the bottom of the guidelines sentence, rather than going below it, as it "would have liked to do," in light of the § 3553 factors. (GA 229). Because the record supports a finding that the district court sentenced Clark after careful consideration of the parties' submissions, analysis of the § 3553 factors, and review of the thorough PSR prepared by the probation office, we conclude that the district court did not substitute the probation office's judgment for its own, did not afford the guidelines undue weight, and imposed a reasonable sentence.

Clark, 593 Fed. Appx. at 56. The Second Circuit rejected this argument, and this Court will not overturn that decision.

### V. Improper Order of Restitution

The Second Circuit remanded this case to consider whether Clark should be credited with any payments already made to the victims and whether any adjustments must be made to the restitution order. Two victims, Anthony Lovallo and Herman Abramowitz, were repaid approximately $250,000 of their losses by a third party, Douglas Grossinger. The Court agrees

4

that Clark's restitution payment structure should be reconfigured and reallocated to account for Grossigner's losses by virtue of the fraud.

Counsel for the government has contemplated having Grossigner prepare an affidavit with supporting documentation so that the Court may make an accurate finding as to the amount of money that has been reimbursed by Grossigner to Lovallo and Abramowitz. The Court requests such submission along with a proposed amended restitution order within 30 days of this decision.

### VI. Insufficient Evidence of Conspiracy

Clark argues that the evidence in this case demonstrates a lack of conspiracy, as her co-defendant, Christopher Plummer, forged her signature, worked from a separate office, and stole money from the project and from Clark without Clark's knowledge. Nevertheless, none of this evidence would undermine the jury's pivotal determination that Clark lured investors under false pretenses. For example:

> [T]he evidence at trial showed, in any event, that Clark contemplated actual harm to investors by depriving them of material information—including the fact that she did not actually own the property in question but had only an option to buy.

Clark, 593 Fed. Appx. at 54-55. Assuming for argument that Clark's accusations against Plummer are accurate does not undermine the jury's determination as to the existence of a conspiracy between the two defendants to defraud investors using false pretenses. Indeed, the Second Circuit found the evidence against Clark to be "ample." See Clark, 593 Fed. Appx. at 55. Accordingly, the Court finds adequate evidence of Clark's participation in a conspiracy regardless of Plummer's deceptive conduct toward Clark.

### VII. Plea Offer

Finally, Clark argues that she was not informed by her own counsel of a plea offer communicated by the government prior to trial. Further, she claims that she would have

5

accepted such an offer, as her intent was to "accept responsibility despite her innocence." Nevertheless, while defense counsel has a duty to communicate formal offers, Clark presents no evidence that any formal plea offer was actually offered. The government denies ever making such an offer, and Clark's attorney has submitted an affidavit denying the receipt of a formal plea agreement and attesting that Clark was unwilling to entertain suggestions that she plead guilty. Accordingly, the Court finds no basis for adjusting Clark's sentence.

## CONCLUSION

For the foregoing reasons, Clark's petition pursuant to 28 U.S.C § 2255 and motions attacking her sentence are DENIED, excepting Clark's motion to modify her restitution order. The Court requests submissions on any reimbursement along with a proposed amended restitution order within 30 days of this decision.

Dated this 20th day of April, 2017, at Bridgeport, Connecticut.

      /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE